IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOYCE COX and LARRY COX,           )
                                   )
            Plaintiffs,            )
vs.                                )   Case No. CIV-12-100-KEW
                                   )
CITY OF MCALESTER, OKLAHOMA,       )
a municipal corporation; and       )
DENNIS LALLI, in his official      )
capacity,                          )
                                   )
            Defendants.            )

## OPINION AND ORDER

This matter comes on for consideration of (1) Plaintiffs' Motion for Partial Summary Judgment filed December 24, 2012 (Docket Entry #33); (2) Defendant Dennis Lalli's Motion for Summary Judgment filed December 27, 2013 (Docket Entry #35); and (3) Defendant City of McAlester's Motion for Summary Judgment filed December 31, 2012 (Docket Entry #37). Briefing is completed and the matter is ripe for consideration.

### Factual Findings

Plaintiffs Joyce and Larry Cox (collectively referred to herein as "Cox") owned certain real property located at 1099 North Main, McAlester, Oklahoma. On March 30, 2011, Defendant Dennis Lalli ("Lalli") and Charley Gilbertson ("Gilbertson"), building inspectors for the City of McAlester (the "City"), inspected the property. Lalli and Gilbertson found the structure on the property had a portion of the roof missing, had its back door open, and concluded the building was dangerous and unsafe. Lalli and

Gilbertson affixed a Notice to the structure on the property stating that it was found to be dilapidated and that a hearing on whether the property should be condemned and torn down would be held on April 26, 2011 at 6:00 p.m. before the McAlester City Council. A sign was also put on the structure finding it to be "Condemned" as well as "Dangerous and Unsafe."

Also on March 30, 2011, Lalli searched the Pittsburg County Assessors records online and discovered Cox owned the property. The mailing address for Cox in the records was "RR 5 Box 374-5, McAlester, OK 745019388." Further, he searched the Pittsburg County Clerk's records for a mortgage holder and found none.

Lalli attests that on March 30, 2011, he mailed a Notice to Cox advising them that their property would be considered for condemnation by the McAlester City Council at a hearing to be conducted on April 26, 2011. Lalli mailed the Notice to "Larry & Joyce Cox, Box 374-5, McAlester, OK 74502." The Notice was not returned undelivered to the City.

On April 1, 2011, Lalli prepared an Agenda Report for the McAlester City Council which recommended the approval of a resolution declaring certain buildings on five different properties as dilapidated and subject to removal. Among the properties was that titled in Cox with the address of "1099 North Main . . . Block 95, Lot 9."

"[S]ometime around the end of March or the first of April,

2011," Plaintiff Larry Cox heard a rumor that the City of McAlester was going to tear down his building. He spoke with Lalli on the telephone about the rumor. Lalli informed him "We'd like to tear the building down." Plaintiff Larry Cox told Lalli, "Don't you have to send some kind of notice?" Lalli informed Larry Cox that, "We have two letters we sent to you with our signatures" to which Larry Cox responded, "I never signed anything." Lalli stated, "You didn't? I better check on that." Cox states they never heard from Lalli after this conversation.

At the April 26, 2011 hearing, the McAlester City Council adopted the resolution declaring Cox's structure, among others, "as dilapidated and detremental (sic) to the health, safety, or welfare of the general public." The resolution gave the property owners ten days to remove the building or the City Manager would be authorized to remove the structures.

Lalli attests that he obtained bids on the removal of the structure on the Cox property on June 21, 2011. On June 22, 2011, Henry Moss was awarded the contract to raze the Cox property. Thereafter, the structure was razed. Lalli was contacted by Larry Cox "sometime after the property was razed."

### Standard on Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

3

the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the facts related herein, this Court finds that no genuine issue exists as to the material facts recited. Cox's additional facts concerning their intent for the property and reasons for not carrying out that intent are of no moment to the disputed issues in this case.

## Conclusions of Law

In the Complaint and the Pretrial Order entered in this case, Cox assert claims for (1) deprivation of property without due process by failing to comply with the noticing requirements of Okla. Stat. tit. 11 § 22-112 and Chapter 18, Article IX, Section 18-376 of the Code of Ordinances of the City of McAlester in violation of the Fourteenth Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983 and the Oklahoma Constitution; (2) unreasonable seizure of their property in violation of the Fourth Amendment to the United States Constitution and the Oklahoma Constitution by razing the building and removing its contents while failing to give notice to Cox and the mortgage company holding a mortgage on the property; (3) state law cause of action for trespass against the City; and (4) state law cause of action for negligent injury to property against both the City and Lalli.

In order to maintain an action under 42 U.S.C. § 1983, Cox must demonstrate that a constitutional deprivation has occurred. *See* Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010). Clearly, the Fourteenth Amendment prohibits the deprivation of property without due process of law. U.S. Const. amend. XIV, § 1. Under this Amendment, "procedural due process requires notice and a pre-deprivation hearing before property interests are negatively affected by government actors." Marcus v. McCollum, 394 F.3d 813, 818 (10th Cir. 2004). "[N]otice must be of such nature as

reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)(citations omitted).

While property rights are only created by state law, once the property interest is established, the determination of what process is due before that right can be deprived is a question answered by the federal Constitution. Kingsford v. Salt Lake City School Dist., 247 F.3d 1123, 1128 (10th Cir. 2001). Consequently, "a violation of state law does not by itself constitute a violation of the Federal Constitution." Nordlinger v. Hahn, 505 U.S. 1, 26 (1992).

It is undisputed that Lalli attempted to comply with the noticing requirements of Okla. Stat. tit. 11 § 22-112 and the applicable ordinances for the City by (1) posting a notice on the affected property of the City's intent to raze the property and the date for the hearing to consider the same; (2) mailing notice to the record owners of the property, albeit to an incomplete address; and (3) searching the records for any active mortgage holders and erroneously finding none. No suggestion is made that Lalli's failures were intentionally contemplated in an effort to deprive Cox of their property.

Due process standards only require "notice reasonably calculated, under all the circumstances, to apprise interested

6

parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. "Due process does not require actual notice." Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1400 (10th Cir. 1988). In this case, however, Larry Cox received actual notice as evidenced by his telephone call to Lalli **prior to** the razing of the structure on their property. Such notice is sufficient to satisfy due process requirements. *See* Khan v. Ashcroft, 374 F.3d 825, 828-29 (9th Cir. 2004)(citations omitted). ("[A]ctual notice of a hearing is not always required to satisfy the requirements of due process. Actual notice is, however, sufficient to meet due process requirements.").

This Court is also mindful of the fact that the Notice sent to Cox was not returned to the City or Lalli. As a result, they were not aware of any deficiencies in the noticing prior to the hearing before the City Council or the razing of the structure. Moreover, Cox's assertion of their mortgage holder's rights has no bearing upon this Court's ruling or these proceedings. The mortgagee is not a party to this action and Cox cannot assert the mortgagee's rights in its stead.

Cox also contends Defendants' actions violated their Fourth Amendment rights against unreasonable seizure. The Fourth Amendment prohibition against unreasonable search and seizure is implicated "when 'there is some meaningful interference with an


individual's possessory interests in [his] property.' " Soldal v. Cook Co., 506 U.S. 56, 61 (1992)(quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)). The parties do not specifically address the Fourth Amendment claim in their briefing, instead focusing upon the due process noticing aspect of the case. These claims, however, are separate and distinct. Id. They are similar in that the successful prosecution of the Fourth Amendment claim also requires a showing that the state actor's actions were unreasonable.

As the Supreme Court stated in Soldal

"reasonableness is still the ultimate standard" under the Fourth Amendment, . . ., which means that numerous seizures of this type will survive constitutional scrutiny. As is true in other circumstances, the reasonableness determination will reflect a "careful balancing of governmental and private interests."

Soldal, 506 U.S. 56, 71-72 (1992).

The evidence indicates the property was dilapidated and in disrepair, its roof laying in the yard and debris strewn about. The City was within its municipal powers to declare the structure a public nuisance and subject to razing. Given Cox's awareness of the City's intent to destroy the property and failure to effect repairs, the razing of the structure cannot be found to be unreasonable under the circumstances. As a result, Cox has failed to establish a cognizable constitutional deprivation in order to maintain either of their federal claims based in 42 U.S.C. § 1983.

As a final matter, since the basis for federal jurisdiction

lies in this action in a federal question, no independent federal jurisdictional basis remains for the determination of the state law claims asserted by Cox. Supplemental jurisdiction over the state law claims for trespass and negligent injury to property is declined, this Court having dismissed all claims over which it possesses original jurisdiction. 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Defendant Dennis Lalli's Motion for Summary Judgment filed December 27, 2013 (Docket Entry #35) and Defendant City of McAlester's Motion for Summary Judgment filed December 31, 2012 (Docket Entry #37) are hereby **GRANTED**. Plaintiffs' Motion for Partial Summary Judgment filed December 24, 2012 (Docket Entry #33) is hereby **DENIED**. Accordingly, judgment for Defendants will issue.

IT IS FURTHER ORDERED that the jury trial of this case currently set for February 20, 2013 is hereby **STRICKEN** in light of this ruling.

IT IS SO ORDERED this 11th day of February, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE